IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL POMALES, : 1:09-cv-1897
:
Plaintiff, :
: Hon. John E. Jones III
v. :
: Hon. J. Andrew Smyser
PROSECUTION, STATE OF :
PUERTO RICO, *et. al.*, :
:
Defendants. :

## MEMORANDUM

**February 4, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 11), filed on January 11,

2010, which recommends that the civil rights complaint of PlaintiffAngel Pomales

("Plaintiff" or "Pomales") be dismissed.  No objections to the R&R have been filed

by any party.[1]  For the reasons set forth below, the Court will adopt the R&R.

## I.    STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by January 28, 2010.

1

before accepting it.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  According to the

Third Circuit, however, "the better practice is to afford some level of review to

dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874,

878 (3d. Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error

on the face of the record in order to accept recommendations."  Fed. R. Civ. P.

72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating

"the failure of a party to object to a magistrate's legal conclusions may result in the

loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F.

Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa.

1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's

examination of this case confirms the Magistrate Judge's determinations.

## II.    PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C.    §

1983 action by filing a Complaint on October 2, 2009.  The Plaintiff also filed an

application to proceed *in forma pauperis*.  By an Order dated November 3, 2009,

Plaintiff's application to proceed *in forma pauperis* was granted.  (Doc. 7). The

complaint was given preliminary consideration pursuant to 28 U.S.C. § 1915A, and

it was determined that the complaint failed to state a 42 U.S.C. § 1983 claim upon

which relief may be granted.  Id.  The court granted the Plaintiff leave to file an

amended complaint on or before December 3, 2009 to properly plead a claim upon which relief may be granted, cautioning that if the Plaintiff failed to file an amended complaint, the court would recommend that the case be dismissed.  Id.

On December 2, 2009, Plaintiff filed a motion requesting an extension of time to file an amended complaint and requesting the appointment of counsel. (Doc. 8).  By an Order dated December 3, 2009, Plaintiff's motion was granted to the extent that he was granted an extension of time until January 4, 2010 to file an amended complaint.  (Doc. 10).  By a separate Order dated January 11, 2010, Plaintiff's motion for the appointment of counsel was been denied.  (Doc. 10).  The extended deadline for an amended complaint has lapsed with no filing by the Plaintiff.

## III.  DISCUSSION

Recognizing that a complaint must state a claim upon which relief may be granted to withstand preliminary review, the Magistrate Judge recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A.  The Magistrate Judge concluded that the Plaintiff had not alleged the deprivation of a federally protected right nor did he specify how or in what matter his placement on the Megan's law website violated his constitutional rights.  Further, the Plaintiff failed to allege how

the named Defendants were personally or individually involved in the Plaintiff's placement on the website.

As we have already mentioned, neither Plaintiff nor the Defendants have filed objections to this R&R. Because we agree with sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this documents, as it accurately reflects our consideration and resolution of the case sub judice. An appropriate Order shall issue.